UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 13-20892

    Plaintiff,

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

D-14 KUTUB MESIWALA,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## TO SET ASIDE BOND CONDITIONS

At a hearing on October 14, 2014, the Court heard argument on Defendant's Motion to Set Aside Bond Conditions that prevented Defendant from billing any Federal Health Care program directly or indirectly. (Dkt. #218).

On October 2, 2014, Magistrate Judge Steven Whalen, after a bond hearing, had ordered, that Defendant be released subject, *inter alia*, to condition "(t) no billing of medicare or any other federal health care program."

At the October 14, 2014 hearing, the Court denied Defendant's Motion, ruling:

> With regard to the billing of Medicare or any other federal health
> care programs while this matter is proceeding, I think that both
> based on the record of Defendant's admissions to agents as stated
> by the Assistant U.S. Attorney, the beneficiaries that were
> interviewed as well, and his prior conviction for abusing his
> profession and the charges in this case both in the substantive
> counts, while they're de minimis, certainly the counts charging the
> conspiracy and filled in a bit by the statements by the prosecutor in
> court indicate a basis for continuing the condition that is set forth

1

        in Magistrate Judge Whalen's order.  And I would also extend it to billing, directly or indirectly, of Medicare or any other federal health care program during the pendency of this case.

In accepting release on conditions; this Defendant accepting the condition of "no billing." Given the charges in this case against Defendant, and the proffered evidence against him including statements from co-conspirators, his own admissions, and his prior conviction for (1) distribution of schedule II controlled substances, (2) Omission of Material Information from Required Federal Controlled Substance Records, and (3) Laundering of Monetary Instruments, this Court concludes, there is clear and convincing evidence, it would be a danger to the community to permit him to continue rendering services and billing the Government.

    SO ORDERED.

                s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated:  October 27, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2014.

                s/Deborah Tofil
                Case Manager