UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-14 KUTUB MESIWALA, M.D.,

        Defendant.
_____/

Case. No. 13-cr-20892

HON. GEORGE CARAM STEEH

**GOVERNMENT'S SENTENCING MEMORANDUM**

NOW COMES the United States of America, by and through undersigned counsel, and respectfully submits its sentencing memorandum. The sentencing hearing for Defendant Kutub Mesiwala is set for December 9, 2021 at 10:00 a.m. For the reasons stated herein and any reasons which may be set forth during the hearing, the United States recommends a term of imprisonment of 34 months.

**I.     FACTUAL BACKGROUND**

For four years, from 2009 through 2013, Dr. Mesiwala engaged in a prolific scheme to refer patients to a home health company owned by co-defendant Amer Ehsan, in exchange for kickbacks. Dr. Mesiwala referred over 250 patients to Ehsan, resulting in approximately 730 episodes of home health care billed to Medicare, all in exchange for illegal kickbacks valued between $50 and $200 cash

per episode. As a result of the referrals, Medicare reimbursed Ehsan over $1 million for home health services he purported to provide to Dr. Mesiwala's patients.

## II. RULE 11 PLEA AGREEMENT AND SENTENCING GUIDELINE CALCULATION

On March 23, 2015, Mesiwala pleaded guilty to Count One, Health Care Fraud Conspiracy, in violation of 18 U.S.C. § 1349, pursuant to a Rule 11 Plea Agreement. The parties agreed to a Guideline range for sentencing of 57-71 months, based on a total offense level of 25. Probation agrees with the parties' determination of the appropriate Guidelines. *See* PSR at ¶ 63.

## III. APPLICATION OF 18 U.S.C. § 3553(a)

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a sentence that is "sufficient, but not greater than necessary." Those objectives are: (i) the nature and circumstances of the offense, and the history and characteristics of the defendant; (ii) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (iii) the kinds of sentences legally available; (iv) the Sentencing Guidelines; (v) Sentencing Commission policy statements; (vi) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of

similar conduct; and (vii) the need for restitution. The most relevant factors applicable to the Defendant are set forth below.

### A. Nature and Circumstances of the Offense, and the History and Characteristics of the Offender, 18 U.S.C. § 3553(a)(1)

#### 1. Nature and Circumstances of the Offense

Dr. Mesiwala was the owner and operator of Professional Consultants, Inc., the physician practice through which he siphoned patients for home health referrals in exchange for illegal kickbacks. By accepting kickbacks for referrals, Dr. Mesiwala's patients, who had placed their trust in him to provide medical care based on their needs, were instead funneled to Ehsan to receive home health services because of monetary payments. Ehsan billed Medicare for these services, resulting in at least $1,031,302.97 being reimbursed for the home health services.

#### 2. Characteristics of the Defendant

Dr. Mesiwala was born into a loving and caring environment in India. PSR ¶ 38. He was well-cared for by his parents, who valued and stressed the importance of education. PSR ¶¶ 38-39. He has been married for over 43 years and has four children. PSR ¶ 40-41. Dr. Mesiwala is well-educated, receiving a bachelor's degree in pre-medicine in 1970, a bachelor's of medicine and surgery degree in 1976, and a medical residency program at Wayne State University, which he completed in 1981. PSR ¶¶ 50-51. He has been a licensed medical physician in Michigan since 1979. PSR ¶ 52. Prior to his arrest and prosecution in this case, Dr. Mesiwala did

not suffer from any emotional or mental conditions, nor does he use alcohol or have an addiction to illicit substances. PSR ¶¶ 48-49. It appears, then, Dr. Mesiwala benefitted from tremendous foundational supports that are too often absent for defendants that come before this Court, yet his greed was overwhelming. Dr, Mesiwala had the ability to, and for the better part of his career did, make a legitimate, financially secure living as a physician. But beginning in 2009 he chose to pursue a get-rich quick scheme. Dr. Mesiwala's history and characteristics do not support a downward variance.

    **B.**    **To Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(B)-(C)**

Dr. Mesiwala's punishment should account for not only the scope and seriousness of his criminal conduct, but also the need to deter future criminals from stealing from the Medicare program. Health care fraud, including through the payment and receipt of kickbacks, is a substantial problem nationwide and has recently been the subject of sustained public discussion and debate. The National Health Care Anti-fraud Association, an organization composed of both public and private health insurers and regulators, conservatively estimates that three percent of all health care spending in the United States is lost due to fraud.

As this Court knows, health care fraud is especially pervasive in the Eastern District of Michigan. Since Medicare Fraud Strike Force operations began in 2009,

4

approximately 440 individuals have been indicted in the Eastern District of Michigan in connection with Medicare, Medicaid, and private payor fraud schemes, placing this District among the nation's leaders in the number of health care fraud indictments returned within that time. The indictments involve over $1.1 billion in fraudulent billings to federal health care programs and private insurers.

All of the money involved in this scheme came from the Medicare program. The program, funded by American taxpayers, is a public trust intended to provide health insurance for the elderly and disabled. Every dollar that Dr. Mesiwala diverted from this program—to himself and his co-conspirators—is a dollar that could and should have been used to provide valuable services to Medicare beneficiaries, without diminishing their ability to receive medical advice and treatment adulterated by illegal kickbacks. Accordingly, the United States respectfully requests that Dr. Mesiwala's punishment reflect the need to promote respect for the laws that protect the public and guard against health care fraud.

### C. The Kinds of Sentences Available

Under 18 U.S.C. § 1349, the maximum sentence is ten years' imprisonment. The maximum fine is $250,000 or twice the pecuniary gain or loss from the instant offense.

**D. Any Pertinent Policy Statement Issued by the United States Sentencing Commission**

The United States is unaware of any pertinent policy statements issued by the U.S.S.C. However, the Patient Protection and Affordable Care Act ("PPACA"), enacted in March 2010, provides the most recent evidence of congressional intent in this area of the law. PPACA specifically provides for increased sentences for health care fraud offenses, and further requires the U.S.S.C. to "ensure that the Federal Sentencing Guidelines and policy statements - (i) reflect the serious harms associated with health care fraud and the need for aggressive and appropriate law enforcement action to prevent such fraud; and (ii) provide increased penalties for persons convicted of health care fraud offenses in appropriate circumstances." Pub. L. No. 111-148, § 10606(a)(3).

**E. The Need to Avoid Unwanted Sentencing Disparities**

This sentencing factor is intended to address national sentencing disparities, and it is widely recognized that a Guidelines sentence is the best way to avoid such disparities. *See United States v. Smith*, 564 F. App'x 200, 205 (6th Cir. 2014) (stating that "one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of national sentencing practices"); *Rita v. United States*, 551 U.S. 338 (2007). Defendant's Guidelines range takes into account the specific characteristics of his offense and

imposing a Guidelines sentence is the best way to avoid unwarranted sentencing disparities with similarly-situated defendants nationwide.

While national disparity is the primary concern animating this sentencing factor, the Court also has discretion to consider the potential for disparity between co-defendants. *See United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010). Dr. Mesiwala was charged for his involvement in a scheme with a number of other charged offenders, all of whom have been sentence. Mesiwala's Guidelines range and the government's recommendation contained in this memorandum are within the general realm of others sentenced for similar conduct. Notably, Defendant Ehsan was sentenced to 80 months imprisonment. The defendants sentenced in this case are the following:

| Defendant | Guidelines | Sentence Imposed |
|---|---|---|
| Dr. Walayat Khan | 108-135 months | 15 months |
| Dr. Adelina Herrero | 57-71 months | 36 months |
| Amer Ehsan | 87-108 months | 80 months |
| Haroon Er Rashid | 87-108 months | 57 months |
| Mohammad Rafiq | 108-135 months | 57 months |
| Farhan Khan | 37-46 months | 15 months |
| James Zadorski | 37-46 months | 12 months and 1 day |
| Cynthia Bell | 24-30 months | 6 months |
| Salman Ali Sapru | 57-71 months | 55 months |
| John Sanders | 24-30 months | 6 months |
| Zubair Khan | 46-57 months | 27 months |
| Jaweed Mohammad | 51-63 months | 24 months |

## IV. CONCLUSION

Given the seriousness of the defendant's conduct, and the nature of the crime, a sentence of 34 months is fully supported by the factors under Section 3553.

Dated: December 2, 2021                Respectfully submitted,

                                                SAIMA MOHSIN
                                                Acting United States Attorney

                                                <u>/s/ Shankar Ramamurthy</u>
                                                SHANKAR RAMAMURTHY
                                                U.S. Dept. of Justice Trial Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, MI 48226-3211
                                                (202) 924-5368
                                                shankar.ramamurthy@usdoj.gov

                                                <u>/s/Regina R. McCullough</u>
                                                Regina R. McCullough
                                                Assistant United States Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9618
                                                Regina.McCullough@usdoj.gov

## Certificate of Service

I hereby certify that on December 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

/s/ Shankar Ramamurthy
SHANKAR RAMAMURTHY
U.S. Dept. of Justice Trial Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(202) 924-5368
shankar.ramamurthy@usdoj.gov

/s/Regina R. McCullough
Regina R. McCullough
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9618
Regina.McCullough@usdoj.gov